UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                      :

JOHANNES MORONTA,                  :

                      :

                Plaintiff,     :       26-CV-00852 (JAV)

                      :

       -v-                :      ORDER APPROVING

                      :         SETTLEMENT

E&M LOGISTICS STAFFING, INC., et al.,  :

                      :

             Defendants.   :

                      :
-------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court on March 24, 2026, that they had agreed to a settlement. *See* ECF No. 12. Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b). In the event of a settlement and dismissal under Rule 41 of the Federal Rules of Civil Procedure, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

       Plaintiff's counsel filed a letter explaining the basis for the proposed settlement and why it should be approved pursuant to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); *see generally* ECF No. 12. By order dated May 7, 2026, and by further order dated May 18, 2026, the Court directed Plaintiff's counsel to submit contemporaneous time records in support of his requested attorneys' fees award. ECF Nos, 16, 18. Counsel submitted such records on May 21, 2026. ECF No. 19.

       The Court, having reviewed the proposed agreement, ECF No. 12-1, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36.

       The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiff seeks approval of of $9,430 in attorney's fees and $709 in costs. This fee award is is 33.33% of the settlement amount of $28,291 after $709 in costs.  *See* Docket No. 19.  Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%.  *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013).  In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here.

Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and compare the fees generated by the percentage method with those generated by the lodestar method.  *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). "[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." *See id*. at 50.  Having reviewed the statements and billing records of Plaintiff's counsel, the Court also finds the proposed attorney's fees fair and reasonable after performing a lodestar cross-check, as the lodestar amount of $9,726 is above the percentage amount requested in this case.

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice.  All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  May 28, 2026        _____
  New York, New York            JEANNETTE A. VARGAS
                    United States District Judge

2